UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE IRVING, AMY BONANO and THE NATIONAL FEDERATION OF THE BLIND, INC., | ) Case No.: 17-CV-1730-BAS (KSC) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) **AMENDMENT TO SETTLEMENT** ) **AGREEMENT AND STIPULATED** ) **ORDER OF DISMISSAL** |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, in her official capacity,[1] | ) ) ) |
| Defendant. | ) ) ) |

Whereas, on August 28, 2017, Plaintiffs Lisa Irving, Amy Bonano, and the National Federation of the Blind ("Plaintiffs") filed the above-captioned lawsuit against Defendant Andrew Saul, in his official capacity as then-Commissioner of the Social Security Administration ("SSA" or "Defendant") alleging that SSA had violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by denying blind individuals an equal opportunity to access its Visitor Intake Processing kiosks ("VIPr Kiosks");

Whereas, in February 2020, the parties entered into a settlement of the claims at issue in this action;

Whereas, on March 12, 2020, the Court issued an Order adopting the parties' settlement agreement and retaining jurisdiction to enforce the agreement (ECF No. 72) ("the Agreement");

Whereas, due to the impact of the COVID-19 pandemic, SSA's Improved VIPr Kiosk system was not implemented in SSA field offices on or before December 31, 2021, as required by Paragraph 9(c) of the Agreement;

Whereas, the parties now stipulate and agree to amend the March 2020 Settlement Agreement and enter this "Amendment to Settlement Agreement and Stipulated Order of Dismissal" ("the Amendment"), as set forth below:

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1. All provisions of the Agreement not explicitly amended herein are unaffected by this Amendment.  Only the paragraphs listed below are impacted by the Amendment:

    a. Paragraph 8c of the Agreement is amended to read: On the following dates during the remaining term of the Agreement, SSA shall send Plaintiffs a written report via email summarizing the status of implementation of the Improved VIPr Kiosk System: September 1, 2023; December 1, 2023; March 15, 2024; June 14, 2024; September 16, 2024; December 16, 2024; March 17, 2025; June 16, 2025; September 16, 2025; December 16, 2025; March 2, 2026.

    a. Paragraph 9b of the Agreement is amended to read: The Consultant shall conduct an evaluation and issue the report required by Paragraph 8(b) on or before February 29, 2024.

    b. Paragraph 9c of the Agreement is amended to read: SSA shall implement the Improved VIPr Kiosk System described in Paragraph 7 of this Agreement in SSA field offices on or before February 29, 2024.

    c. Paragraph 10a of the Agreement is amended to read: SSA shall release a training before December 31, 2023, to inform all appropriate Operations staff and managers (defined in this paragraph to mean field office staff and managers, VIP coordinators, and headquarters operational staff that support and manage the VIP system), about SSA's accessibility policy and how SSA's blind customers use the improved VIPr kiosk check in system, and what accessible tools are available for such customers.  The training shall include staff members' obligation to offer courtesy headphones to blind users of the VIPr kiosks and shall reflect changes made to the VIPr kiosks.  SSA shall require all appropriate Operations staff and managers to review the training once annually for the extended term of the Agreement. Plaintiffs and SSA acknowledge that SSA has already provided Plaintiffs with the draft training materials and Plaintiffs provided feedback on those materials. Defendant shall provide due consideration to incorporating Plaintiffs' feedback. Defendant shall share the final training materials with Plaintiffs.

    d. Paragraph 10f of the Agreement is amended to read: By November 1, 2023, SSA and Plaintiffs shall meet (virtually or in-person in the Baltimore area) to discuss and work collaboratively to develop a plan for SSA to conduct outreach to the blind community with the goals of familiarizing blind users with the new VIPr Kiosk design, publicizing that the VIPr Kiosk system can be operated privately and independently by blind customers, and informing blind customers of how they can report accessibility problems with the VIPr Kiosk system, specifically through https://www.ssa.gov/accessibility/508_overview.html.  This plan shall include conducting outreach efforts through communications or publications commonly accessed by the blind, as well as through SSA's attendance and participation at conferences, meetings, and other gatherings frequented by blind individuals and where SSA can offer demonstrations of the Kiosks.  Unless

agreed to otherwise at the Parties' initial meeting and confirmed in writing, SSA shall share with Plaintiffs a proposed outreach plan within 30 days following the initial meeting.  Within 30 days of receiving the proposed outreach plan from SSA, Plaintiffs may offer SSA feedback on the plan or the Parties may agree to meet again to further develop the outreach plan. SSA shall give due consideration to Plaintiffs' feedback and notify Plaintiffs within 30 days of receiving the feedback of its response to the feedback, including any changes made to the outreach plan and reasons for rejecting any of Plaintiffs' feedback.  No later than 90 days after February 29, 2024, SSA shall begin to implement its outreach plan. SSA shall be responsible for all costs associated with implementing this outreach plan.

   e.  Paragraph 11 is amended to read: **Term of Agreement.** The Agreement, including the terms of this Amendment, shall remain in effect until February 28, 2026.  If, at the end of the term of the Agreement, provisions of the Agreement remain unfulfilled, then the term of the Agreement shall be extended for an additional one-year term.

2.  In full satisfaction of Plaintiffs' attorneys' fees and costs up through the date of this filing, Defendant will pay to Plaintiffs' counsel the total of forty-five thousand dollars ($45,000.00). The parties agree that this payment does not constitute an admission on Defendant's part that Plaintiffs are entitled to costs or fees incurred in enforcing the Agreement or this Amendment.

3.  **Continuing Jurisdiction.** After signing this Amendment, the Parties shall jointly ask the Court to "so-order" this Amendment to the Agreement and retain jurisdiction to enforce the Agreement, including this Amendment.  The Parties agree that the Court has the power to order specific performance of the Agreement, as amended herein.

4.  Each undersigned Party representative certifies that they are fully authorized to enter into the terms and conditions of this Amendment and to execute and legally bind the Party he or she represents.

5.  This Amendment may be executed in several counterparts, with a separate signature page for each Party.  All such counterparts and signature pages, together, will be deemed to be one document.  The Parties further agree that this Amendment may be transmitted by facsimile or other electronic means and that the reproduction of signatures by facsimile or other electronic means will be binding as if originals.

6.  The Parties acknowledge that they have read this Amendment, that they fully understand their rights, privileges, and duties under this Amendment, and that they enter into this Amendment freely and voluntarily.  Further, the Parties acknowledge that they have had adequate time to consult with counsel of their choice to discuss the terms and consequences of this Amendment.

7. This Amendment and the provisions contained herein will not be construed or interpreted for or against any Party hereto because that Party drafted or caused a Party's legal representative to draft any of its provisions.

8. Should it be determined by a court that any term of this Amendment is unenforceable, that term will be deemed to be deleted. However, the validity of and the Parties' ability to enforce the remaining terms shall not be affected by the deletion of the unenforceable terms.


Date:   September 5, 2023                       COUNSEL FOR PLAINTIFFS

By_____

Jessica P. Weber
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
jweber@browngold.com

Autumn M. Elliott
Melinda R. Bird
DISABILITY RIGHTS CALIFORNIA
350 S. Bixel Ave., Suite 290
Los Angeles, CA 90010-2512
Telephone: (213) 213-8000
Facsimile: (213) 213-8001
Autumn.Elliott@disabilityrightsca.org

Kaitlin Banner
Margaret Hart
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, NW, Suite 400
Washington, DC 20036
Phone: (202) 319-1000
Fax: (202) 219-1010
kaitlin_banner@washlaw.org
margaret_hart@washlaw.org

4

Date: September 1, 2023

FOR THE SOCIAL SECURITY
ADMINISTRATION

By ___KATHERINE PARKER___ Digitally signed by KATHERINE PARKER
Date  2023.09.01 09 36 27 -07 00'

Katherine L. Parker, Assistant U.S. Attorney
Michael A. Garabed, Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7634

SO ORDERED:

_____
Honorable Karen Crawford
United States Magistrate Judge

Dated: October 2, 2023

5